# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY TRUONG,<br><br>    Petitioner,<br><br>    v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | Case No. 1:16-cv-00240-EPG-HC<br><br>ORDER GRANTING MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK'S OFFICE TO CLOSE CASE<br><br>(ECF No. 12) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued confinement at the United States Prison at Atwater. As Petitioner has failed to exhaust administrative remedies with respect to the claims he raises in the instant federal habeas petition, the Court finds that dismissal is warranted.

## I.

## BACKGROUND

On December 6, 2006, an information charging Petitioner with Counterfeit of Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(3), was filed in the United States District Court for the Eastern District of California. Information, United States v. Truong, No. 2:06-cr-00487-KJM (E.D. Cal. Dec. 6, 2006), ECF No. 3.[1] On December 13, 2006,

---

[1] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

California state authorities released Petitioner[2] to the custody of the United States pursuant to a writ of habeas corpus *ad prosequendum*. (ECF No. 12-1 at 1, 7).[3] Petitioner pleaded guilty to the information and was sentenced to an imprisonment term of 120 months on October 14, 2008. (ECF No. 12-1 at 8–9). The Ninth Circuit affirmed Petitioner's sentence. United States v. Truong, 587 F.3d 1049 (9th Cir. 2009).

On October 27, 2008, Petitioner was returned to California state custody. (ECF No. 12-1 at 2, 7). On November 12, 2008, Petitioner was sentenced in the Sutter County Superior Court to three years imprisonment for hit and run driving resulting in injury, in violation of California Vehicle Code section 20001(a). The superior court ordered that the state sentence run concurrently with Petitioner's federal prison sentence. (ECF No. 12-1 at 14).

On December 18, 2008, the California state authorities relinquished custody of Petitioner to the United States, and Petitioner began to serve his federal sentence. (ECF No. 12-1 at 2, 7). On September 11, 2015, the Bureau of Prisons Designation and Sentence Computation Center Chief wrote a letter to the sentencing judge in Petitioner's federal case, requesting the judge's position on whether the federal sentence should run consecutively or concurrently to the state sentence. (Id. at 2–3). At a hearing held on December 18, 2015, the sentencing judge indicated that she had no recommendation regarding whether Petitioner's sentence should run consecutively or concurrently. (Id. at 3). Thereafter, the Bureau of Prisons ("BOP") determined that retroactive concurrent designation of Petitioner's state and federal sentences would not be appropriate. (Id.).

On February 22, 2016, Petitioner filed the instant petition for writ of habeas corpus, challenging the BOP's denial of a discretionary *nunc pro tunc* designation of a state prison for service of his federal sentence. (ECF No. 1). On June 7, 2016, Respondent filed a motion to dismiss. (ECF No. 12). On June 27, 2016, Petitioner filed an opposition. (ECF No. 13). The parties have consented to the jurisdiction of a United States magistrate judge to conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). (ECF Nos. 7, 9).

---

[2] At the time, Petitioner was in the custody of the Sutter County jail.
[3] Page numbers refer to ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

### A. Jurisdiction Under 28 U.S.C. § 2241

Respondent argues that Petitioner's claims that his federal sentence exceeds the maximum penalty authorized by statute and that his federal sentence violates § 5G1.3 of the United States Sentencing Commission Guidelines challenge the legality of his *initial* sentence imposed by the sentencing judge, and thus, are properly brought pursuant to a motion under 28 U.S.C. § 2255.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention . . ." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). However, a district court "does have jurisdiction under [§ 2241] to decide whether the Bureau of Prisons acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621." Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016).[4] "[W]hen a person subject to a federal sentence is serving a state sentence, the Bureau may designate [pursuant to 18 U.S.C. § 3621] the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive." Setser v. United States, 132 S. Ct. 1463, 1467–68 (2012).

Here, Petitioner contends, *inter alia*, that the BOP is "refusing to designate . . . the state facility as federal and award full jail credit . . . to attach to the federal sentence." (ECF No. 1 at 4). The Court "must construe *pro se* habeas filings liberally." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (citing Maleng v. Cook, 490 U.S. 488 (1989)). Therefore, to the extent

---

[4] The Court notes that after Rodriguez was decided, the Ninth Circuit issued its decision in Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016) (*en banc*). Relying on Skinner v. Switzer, 562 U.S. 521 (2012), the Ninth Circuit held that if success on a habeas petitioner's claim would not *necessarily* lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, is not cognizable under 28 U.S.C. § 2254. Nettles, 830 F.3d at 935. The Ninth Circuit explicitly declined to address how the standard suggested in Skinner would apply to habeas petitions under 28 U.S.C. § 2241 brought by federal prisoners. Nettles, 830 F.3d at 931. Although the *en banc* Nettles decision constitutes "intervening higher authority," it is not "clearly irreconcilable" with Rodriguez, and thus, Rodriguez is still binding on this Court. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (*en banc*) (holding that only when intervening higher authority "is clearly irreconcilable with . . . prior circuit authority," should district courts "consider themselves bound by the intervening higher authority and reject the prior opinion of [the Ninth Circuit] as having been effectively overruled").

Petitioner asserts that the BOP "acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority [under] 18 U.S.C. § 3621" when the BOP declined to *nunc pro tunc* designate a state prison as the place of imprisonment for Petitioner's federal sentence, the Court finds that it has jurisdiction under 28 U.S.C. § 2241. Rodriguez, 823 F.3d at 1242. Accordingly, dismissal of the petition is not warranted on this ground.

### B. Mootness

Respondent also argues that the petition is moot and should be dismissed because this Court does not have the power to grant Petitioner the relief requested, *i.e.*, a *nunc pro tunc* concurrent designation. (ECF No. 12 at 6–7). Here, Petitioner "prays for immediate release and *all other relief the court deems just and proper* under similar circumstances." (ECF No. 1 at 4–5) (emphasis added). "Although a district court has no jurisdiction over discretionary designation decisions, it does have jurisdiction to decide whether the Bureau of Prisons acted contrary to established federal law, violated the Constitution, or exceeded its statutory authority when it acted pursuant to 18 U.S.C. § 3621." Rodriguez, 823 F.3d at 1242. If the Court so finds, it has the authority to grant the writ of habeas corpus and direct the BOP to reconsider a petitioner's application for *nunc pro tunc* designation. See id. at 1243. Accordingly, dismissal of the petition is not warranted on this ground.

### C. Exhaustion

In the motion to dismiss, Respondent also argues that the petition should be dismissed because Petitioner has failed to exhaust administrative remedies. (ECF No. 12 at 7). "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Id. The BOP grievance process is set forth at 28 C.F.R. § 542.10 *et seq*. An inmate normally must first present his complaint informally to prison staff. 28 C.F.R. § 542.13. If an informal resolution cannot be reached, the inmate may file a formal administrative grievance with the Warden. 28 C.F.R. § 542.14. If the Warden renders an adverse decision, the inmate may appeal to the Regional

Director. If the Regional Director renders an adverse decision, the inmate may appeal to the BOP's Office of General Counsel. A final decision from the Office of General Counsel completes the BOP's administrative remedy process. 28 C.F.R. § 542.15(a).

Here, Petitioner has failed to exhaust administrative remedies. Petitioner properly filed a formal administrative grievance with the Warden that was denied on February 11, 2016. (ECF No. 12-1 at 4). Thereafter, Petitioner bypassed the second level of appeal and attempted to submit directly to the final level. (Id.). Petitioner's bypass attempt was rejected on February 23, 2016, with instructions for resubmission. (ECF No. 12 at 8). As there is no final decision from the Office of General Counsel, Petitioner has not completed the BOP's administrative remedy process. Accordingly, dismissal of the petition for nonexhaustion is warranted.

## III.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 12) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for nonexhaustion; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:   **October 13, 2016**           /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE